```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

TIMOTHY SIFFEL                    :    CIVIL ACTION
WENDY SIFFEL                      :
                                  :
         v.                       :
                                  :
NFM, INC., et al.                 :    NO. 07-cv-05152-JF

<u>MEMORANDUM</u>

Fullam, Sr. J.                                      September 22, 2009

    Plaintiffs sued their mortgage broker and lender after refinancing their home mortgage in November 2006.  They alleged various improprieties in the loan-issuance process and in the loan itself, and I granted Defendants' motions for summary judgment on June 23, 2009.  Plaintiffs have now moved for partial reconsideration with respect to the lender, Defendant Countrywide Home Loans, Inc.  For the following reasons, Plaintiffs' motion will be denied.

    In a one-sentence paragraph of their sur-reply brief opposing summary judgment, Plaintiffs asserted, without any explanation or analysis, "[s]eparately, the requirement of a marital co-signer is a *per se* ECOA [Equal Credit Opportunity Act] violation."  Now, in seeking reconsideration, Plaintiffs assert that I "did not opine as to this argument."  That observation is correct; I did not consider this spousal co-signer issue because Plaintiffs did not properly raise it.  <u>See</u> <u>United States v. Martin</u>, 454 F. Supp.2d. 278, 281 n.3 (E.D. Pa. 2006) (Robreno,

J.) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues.") (citations omitted). Because Plaintiffs failed to properly raise this issue, it is not a valid basis for seeking reconsideration.[1]

As a second ground for reconsideration, Plaintiffs argue that Defendant Countrywide violated ECOA by failing to provide proper notice when it "denied" Mr. Siffel's first loan application. Plaintiffs' motion merely rehashes the arguments that I considered in holding that the undisputed facts show a

---

[1] I decline to formally consider this spousal-signature issue, but it nevertheless appears that Defendant Countrywide complied with ECOA. Plaintiffs cite 12 C.F.R. § 202.7(d) to show Countrywide's "*per se*" violation, but that regulation actually allows lenders to require spousal co-signers in certain circumstances. In the context of a secured loan, the regulation authorizes lenders to require a spouse's signature on certain documents "to make the property being offered as security available to satisfy the debt in the event of default . . . ." § 202.7(d)(4); see also Federal Deposit Insurance Corporation, Guidance on Avoiding Violations of the Spousal Signature Provisions of Regulation B, Fil-09-2002, 2002 WL 148664 at *2 (2002) ("In most states that do not follow community property principles, the co-owner does not have to sign the note to grant the creditor access to the property, but only the security documents, such as a mortgage or lien.").
    Here, the Siffels testified that they were co-owners of their home and that both of their names appeared on the deed. Mrs. Siffel did not sign the loan application or the note; she did not incur any obligation to repay the loan; and at closing, she signed only the mortgage and a few disclosures. It seems, then, that Mrs. Siffel's signature on the mortgage was appropriate because it allowed Countrywide to establish a security interest in Plaintiffs' home. See In re Farris, 194 B.R. 931, 939-41 n.12 (Bankr. E.D. Pa. 1996) (holding that lender did not violate ECOA by requiring wife to sign mortgage where husband applied for loan but offered their co-owned home as collateral).

counteroffer (not a denial) in this case. Plaintiffs' arguments remain unpersuasive; Mr. Siffel applied for a loan with particular terms on November 14, 2006; Countrywide responded with a loan that contained some different terms. That response constitutes a counteroffer, which the Siffels accepted. Unlike a denial, notice of a counteroffer need not take any particular form; thus, Plaintiffs received adequate ECOA notice.

In addition to the reasoning in my June 23rd Order, I note that Countrywide's summary judgment exhibits included a letter titled, "Notice of Action Taken With Counter-offer." This letter clearly explained that Countrywide would not approve Mr. Siffel's November 14th loan application, but it also proposed a loan with terms that were somewhat different than the ones that Mr. Siffel had initially requested. The letter is dated one day before Plaintiffs closed on that proposed loan, and Plaintiffs have never disputed receiving it, nor have they argued that its delivery was untimely.

Finally, Plaintiffs assert that there is a material issue of fact whether they each received two notices of their right to rescind the loan, as required by the Truth in Lending Act (TILA). Plaintiffs acknowledge that Countrywide has established a rebuttable presumption that it provided the requisite notices, but they argue that Countrywide's failure to submit four TILA forms creates an issue of fact. In their motion for

reconsideration, Plaintiffs ask "what [they] must do to sufficiently rebut the presumption created by an acknowledgment of receipt . . . ."  Simply put, to rebut that presumption, Plaintiffs must highlight some *record evidence* that would allow a finding that they received fewer than the necessary TILA notices.

By submitting a signed disclosure in which Plaintiffs acknowledged receipt of all necessary TILA forms, Countrywide has established a presumption of TILA compliance.  That presumption shifts the burden of production to Plaintiffs, and they have not introduced any evidence in rebuttal.  Plaintiffs' testimony does not suggest that Countrywide provided fewer than the requisite number of TILA disclosures, and Plaintiffs cannot rely on the allegations of their complaint or the arguments of their counsel as evidence.  Without any record evidence to rebut the presumption of delivery, Plaintiffs' TILA claim fails.

An appropriate order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.

4